## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IMMERVISION, INC. | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No. 18-cv-01630-MN-CJB |
| v. | ) | |
| LG ELECTRONICS U.S.A., INC. and LG ELECTRONICS INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| IMMERVISION, INC. | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No. 18-cv-01631-MN-CJB |
| v. | ) | |
| LG ELECTRONICS U.S.A., INC. and LG ELECTRONICS INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## OPENING BRIEF IN SUPPORT OF DEFENDANTS
## LG ELECTRONICS U.S.A., INC. AND LG ELECTRONICS INC.'S
## MOTION TO STAY PENDING *INTER PARTES* REVIEW

Collin W. Park (admitted *pro hac vice*)
Jeremy Peterson (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004
Telephone:  202.739.3000
Fax: 202.739.3001
collin.park@morganlewis.com
jeremy.peterson@morganlewis.com

Andrew V. Devkar (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone:  310.907.1000
Fax:  310.907.2000
andrew.devkar@morganlewis.com

John V. Gorman (DE Bar No. 6599)
Amy M. Dudash (DE Bar No. 5741)
Morgan, Lewis & Bockius LLP
The Nemours Building
1007 North Orange Street, Suite 501
Wilmington, Delaware 19801
Telephone:  302.574.3000
Fax:  302.574.3001
john.gorman@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants LG Electronics U.S.A., Inc. and LG Electronics Inc.*

Dated:  December 19, 2019

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................................II

I.      INTRODUCTION ..................................................................................................... 1

II.     NATURE AND STAGE OF THE PROCEEDINGS ...................................................... 1

III.    SUMMARY OF ARGUMENT ................................................................................... 2

IV.     STATEMENT OF FACTS ......................................................................................... 3

V.      ARGUMENT ........................................................................................................... 4

       A.      A Stay Will Simplify the Issues for Trial and May Resolve the
           Consolidated Cases. .................................................................................. 4

       B.      The Early Stage of Litigation Favors a Stay. .............................................. 6

       C.      A Stay Will Not Unduly Prejudice ImmerVision. ........................................ 7

       D.      This Court Recently Granted a Motion to Stay Prior to Institution Under
           Similar Facts. ............................................................................................ 9

VI.     CONCLUSION ...................................................................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
      C.A. No. 15-595-LPS, 2016 WL 6594083 (D. Del. Nov. 7, 2016)…………………....5, 7

*Arch Chemicals, Inc. v. Sherwin-Williams Co.*,
      C.A. No. 18-2037-LPS (D. Del. Nov. 5, 2019)……………………………….…4, 9, 10

*CallWave Commc'ns, LLC v. AT&T Mobility, LLC*,
      C.A. No. 12-1701-RGA, 2015 WL 1284203 (D. Del. Mar. 18, 2015)…………….…..4

*Ever Win Intern. Corp. v. RadioShack Corp.*,
      C.A. No. 11-1104-GMS-CJB, 902 F.Supp.2d 503 (D. Del. Oct. 9, 2012)………….…4

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
      C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) …………..…4, 5, 7, 8

*Phillips v. AWH Corp.*,
      415 F.3d 1303 (Fed. Cir. 2005)………………………………………………….…..6

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*,
      C.A. No. 12-1461-LPS, 2014 WL 3819458 (D. Del. Jan. 15, 2014)…………….…4, 6, 7, 8

*SAS Inst., Inc. v. Iancu*,
      138 S. Ct. 1348 (2018).………………………………………………………….…...9

*SenoRx, Inc. v. Hologic, Inc.*,
      C.A. No. 12-173-LPS-CJB, 2013 WL 144255 (D. Del. Jan. 11, 2013)…………….....6

**STATUTES**

35 U.S.C. § 314(b) (2011)…………………………………………………….…….3, 8

35 U.S.C. § 316(a)(11) (2011)…………………………………………………….....8

**OTHER AUTHORITY**

37 C.F.R. § 42.100(b) (2018)……………………………………………………….. 9

37 C.F.R. § 42.100(c) (2018).…………………………………………………....8

37 C.F.R. § 42.107(b) (2016).…………………………………………………….…3

83 Fed. Reg. 51,340 (Oct. 11, 2018).…………………………………………………6

## I.    INTRODUCTION

Defendants respectfully request that the Court stay these consolidated patent infringement actions pending the conclusion of related *inter partes* review ("IPR") proceedings.  Defendant LG Electronics Inc. ("LG Electronics") recently filed two IPR petitions seeking invalidation of claims 5 and 21 of  U.S. Patent No. 6,844,990 (the "'990 patent") – the only asserted claims of the sole patent-in-suit.  Granting a stay will simplify the issues and conserve the Court's and the parties' resources without causing any undue prejudice to plaintiff ImmerVision, Inc. ("ImmerVision" or "Plaintiff").

## II.    NATURE AND STAGE OF THE PROCEEDINGS

On October 19, 2018, ImmerVision filed the above-captioned cases in this District against LG Electronics and LG Electronics U.S.A., Inc. (collectively "LGE" or "Defendants"). In Civil Action No. 1:18-cv-01630, Plaintiff asserts that Defendants infringe claim 21 of the '990 patent. (D.I. 1 ¶ 19).  In Civil Action No. 1:18-cv-01631, Plaintiff asserts that Defendants infringe claim 5 of the '990 patent. (D.I. 1 ¶ 19).  On June 14, 2019, LGE filed Answers in both actions, denying the allegations of infringement and asserting several affirmative defenses, including invalidity. (*See* D.I. 10).  On July 30, 2019, ImmerVision filed a First Amended Complaint in each action.  (D.I. 21).  On August 13, 2019, LGE filed Answers to each Amended Complaint, reasserting its defenses.  (D.I. 29).

On August 1, 2019, the Court entered a Scheduling Order that, *inter alia,* consolidated the two cases for all purposes, set a discovery cut off for September 11, 2020, set an expert discovery cutoff for February 5, 2021, and set trial for September 20, 2021.  (D.I. 23 ¶¶ 1, 9.a, 9.f.1, & 22).  The Court has scheduled a claim construction hearing for July 8, 2020.  (D.I. 51).

1

III.    **SUMMARY OF ARGUMENT**

1.      Granting a stay of this litigation would allow the IPR process to substantially streamline the scope of this dispute.  If IPR proceedings are instituted, both asserted claims may be cancelled, resulting in resolution of the consolidated cases.  Even if one or both of the asserted claims were to survive, the IPR proceedings will narrow the issues for trial by elimination of any invalid claim and addition of intrinsic evidence resulting from claim construction efforts before the Patent Trial and Appeal Board ("PTAB").

2.      The early stage of the litigation favors a stay. The consolidated cases remain in a nascent stage, with only minimal discovery having occurred thus far.  No resources have yet been expended on claim construction, and trial is currently not scheduled until September 20, 2021, over a year and a half away.

3.      ImmerVision will not face any undue prejudice from a stay in favor of an IPR process which may be entirely dispositive of the consolidated cases.  LGE is promptly requesting such relief after filing its petitions for IPR.  ImmerVision is not a direct competitor of LGE, nor has it sought a preliminary injunction or any other form of expedited relief.  ImmerVision is therefore unlikely to suffer any clear tactical disadvantage from the grant of a temporary stay.

4.      Chief Judge Stark recently stayed litigation under similar circumstances, *i.e.*, where an IPR petition had been filed on all patent claims asserted in the litigation, and where the case was in its early stage.  The Court's reasoning in that case applies equally to the present motion and favors a stay here.

## IV.    STATEMENT OF FACTS

In these consolidated cases, Plaintiff asserts infringement of only claims 5 and 21 of the '990 patent.  (D.I. 21 ¶ 1).  The cases are in the early stages of discovery.  The parties have exchanged some written discovery, but have not substantially completed document productions.  The parties have not issued any deposition notices or discussed the scheduling of depositions.  The parties have not yet even exchanged proposed claim constructions.

On November 27, 2019, LG Electronics filed two IPR petitions with the PTAB.  *See LG Electronics Inc. v. ImmerVision, Inc.*, IPR2020-00179, Paper 1 at 1 (Ex. A); *LG Electronics Inc. v. ImmerVision, Inc*., IPR2020-00195, Paper 1 at 1 (Ex. B).  The first petition (IPR2020-00179) requests review of claim 5 of the '990 patent – the sole claim at issue in Civil Action No. 1:18-cv-01631.  *See* Ex. A.  The second petition (IPR2020-00195) requests review of claim 21 of the '990 patent – the sole claim at issue in Civil Action No. 1:18-cv-01630.  *See* Ex. B.  ImmerVision's responses to the IPR petitions, if not waived, are due no later than March 9, 2020.  *See* 37 C.F.R. § 42.107(b) (2016); IPR2020-00179, Paper 3 at 1 (Ex. C); IPR2020-00195, Paper 3 at 1 (Ex. D).  Decisions by the PTAB on whether to institute review on each petition are expected no later than June 9, 2020.  *See* 35 U.S.C. § 314(b) (2011).

One week after filing the IPR petitions, Defendants' counsel sought Plaintiff's agreement to stipulate to a stay of these actions pending an institution decision by the PTAB.  On December 16, Plaintiff's counsel informed by e-mail that Plaintiff would not so stipulate.  Counsel for the parties (including Delaware counsel) met and conferred on the issue on December 18, and Defendants now submit this motion.

3

## V.    ARGUMENT

"A decision to stay litigation lies within the sound discretion of the court and represents an exercise of the court's 'inherent power to conserve judicial resources by controlling its own docket.'"  *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *1, *5 (D. Del. July 2, 2013) (internal citations omitted).  The benefits of staying litigation pending resolution of a PTAB proceeding have been recognized by this Court, especially where litigation is in its early stages.  *See Ever Win Intern. Corp. v. RadioShack Corp.,* C.A. No. 11-1104-GMS-CJB, 902 F.Supp.2d 503, 505-508 (D. Del. Oct. 9, 2012); *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, C.A. No. 12-1461-LPS, 2014 WL 3819458, at *3-4 (D. Del. Jan. 15, 2014).  Additionally, this Court has recently held that these considerations favoring the grant of a stay apply even prior to institution of an IPR.  *See Arch Chemicals, Inc. v. Sherwin-Williams Co*., C.A. No. 18-2037-LPS (D. Del. Nov. 5, 2019) (D.I. 48) (Ex. E) (oral order granting motion to stay).  Three factors govern assessment of a motion to stay: "(1) whether granting the stay will simplify the issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage." *CallWave Commc'ns, LLC v. AT&T Mobility, LLC*, C.A. No. 12-1701-RGA, 2015 WL 1284203, at *1 (D. Del. Mar. 18, 2015).  Each factor weighs strongly in favor of a stay.

### A.    A Stay Will Simplify the Issues for Trial and May Resolve the Consolidated Cases.

Courts in this District have recognized multiple reasons why IPR proceedings may simplify the issues for trial.  These include that cancellation of all claims would result in resolution of the case, IPR proceedings may effectively relieve the Court from the burden of deciding discovery and other issues relating to prior art, and the record of IPR proceedings would

4

probably be entered at trial, reducing the complexity and length of litigation.  *See, e.g., Neste Oil,* 2013 WL 3353984, at *4 (listing seven ways in which staying a case pending PTO review can simplify litigation and ultimately granting pre-institution stay).  A stay of these consolidated cases will result in the same benefits.  LG Electronics' IPR petitions raise multiple grounds of invalidity for each asserted claim based on the prior art.   Even if one or both of the asserted claims were to survive—which is unlikely—the IPR proceedings will narrow the issues for trial.

Institution is likely.  USPTO statistics from July 2019 indicate that institution is substantially favored in the art area of the patent-in-suit.  *See* USPTO Trial Statistics, July 2019 at 7 (Ex. F) (showing institution is ordered in 67% of PTAB post-issuance review proceedings in the Electrical/Computer art).  In granting a pre-institution stay, Judge Sleet relied on similar USPTO statistics and recognized that "if *inter partes* review is granted here, the stricter standard for instituting such review suggests a greater likelihood that the PTO will cancel at least some of the challenged claims."  *Neste Oil*, 2013 WL 3353984, at *4.

The IPR proceedings will also illuminate key claim construction disputes.  These consolidated cases are at such an early stage in litigation that the parties have not yet exchanged their lists of the claim terms that they believe need construction and their proposed constructions of those terms.  As part of the IPR proceedings, ImmerVision is likely to make statements relating to its contentions on disputed claim terms, which become part of the intrinsic record. *See 454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *3 (D. Del. Nov. 7, 2016) (reasoning that a stay may simplify the issues for trial through the creation of additional prosecution history during the IPR proceedings).  Even if one or both claims were to survive IPR, the Court's claim construction should be based on the full intrinsic record, including developments in the IPR proceedings.

Absent a stay, the same claim construction disputes presented in the IPR are likely to be presented concurrently to this Court, leading to overlap and confusion, especially now that the same standard for claim construction is applied by the PTAB and this Court.  *See* 83 Fed. Reg. 51,340 (Oct. 11, 2018) (for petitions filed on or after November 13, 2018, the PTAB will apply *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) *(en banc)* rather than the "broadest reasonable interpretation").  Absent a stay, a PTAB institution decision would likely issue no later than early June 2020 —following the completion of the parties' claim construction briefing, but prior to the July 2020 *Markman* hearing.  Without a stay, the patent's intrinsic record could change while the Court simultaneously construes claims.  To avoid this unnecessary confusion, the Court should stay the case.

### B.    The Early Stage of Litigation Favors a Stay.

At the nascent stage of a case, courts routinely stay litigation pending USPTO review. *SenoRx, Inc. v. Hologic, Inc.*, C.A. No. 12-173-LPS-CJB, 2013 WL 144255, at *5-6 (D. Del. Jan. 11, 2013) (collecting cases and contrasting that a stay is less likely when "discovery is complete or nearly complete, and a trial is imminent"); *Princeton Digital,* 2014 WL 3819458, at *4 (granting stay where the most significant case events—*i.e.*, *Markman* hearing, completion of expert discovery, and filing of case dispositive motions—had not yet occurred).  In these consolidated cases, discovery has just begun.  The parties have exchanged some written discovery, but have not substantially completed document productions.  The parties have not issued any deposition notices or discussed the scheduling of depositions.  Fact discovery is not scheduled to close until September 11, 2020 (D.I. 23 ¶ 9.a), expert discovery is not scheduled to close until February 5, 2021 (*id.* at ¶ 9.f.i), and trial is 21 months away (*id.* at ¶ 22). The focus of analysis under this factor should be whether staying the litigation would result in savings of cost,

time and resources.  *See Princeton Digital*, 2014 WL 3819458, at *3 ("Granting such a stay early in the case can be said to advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims") (internal quotation omitted). A stay of the litigation at this juncture would result in significant discovery savings to both parties, and would result in additional savings to the parties as well as the Court, because time and resources have not yet been invested in claim construction briefing and a *Markman* hearing.

### C.    A Stay Will Not Unduly Prejudice ImmerVision.

In determining whether a plaintiff would suffer undue prejudice, courts consider: (a) the timing of the request for review and the timing of the request for a stay; (b) the status of the review proceeding; and (c) the relationship between the parties.  *See, e.g., 454 Life Scis. Corp.,* 2016 WL 6594083, at *4.  Although staying a case pending an IPR may prolong a dispute, potential delay, by itself, does not establish undue prejudice.  *See Neste Oil*, 2013 WL 3353984, at *2.  Each of the sub-factors guiding the assessment of undue prejudice weighs in favor of staying the case.

The timing of the IPR petitions and this motion evinces the lack of prejudice to ImmerVision.  LGE timely submitted its IPR petitions, promptly sought agreement from Plaintiff to stipulate to a stay, and now promptly submits this motion just days after Plaintiff informed it would not stipulate to a stay.

The stage and duration of the IPR proceedings will not unduly prejudice ImmerVision. Due to the one-year statutory deadline for rendering a final written decision, this District has considered IPR proceedings to be "a more expeditious process," which "merits weight in this analysis."  *See Princeton Digital*, 2014 WL 3819458, at *5 (internal quotation marks omitted). These consolidated cases are in their infancy, and a stay would not cause any prejudicial delay to

ImmerVision.  Currently, the institution decisions are expected no later than June 9, 2020, and a final written decision in any instituted IPR would be expected no later than June 9, 2021 (*i.e.,* one year from the last possible date of institution).  *See* 35 U.S.C. § 314(b); 37 C.F.R. § 42.100(c) (2018); 35 U.S.C. § 316(a)(11) (2011).  ImmerVision would not be prejudiced by temporarily pausing this litigation while the IPR process runs its course because—like the public, this Court, and LGE—ImmerVision will benefit from the timely resolution of important patentability issues regarding the '990 patent.  Also, ImmerVision will be directly involved in any instituted IPR and will be able to litigate its positions before the PTAB.  Forcing the parties and the Court to address the same issues in parallel with the PTAB proceedings would be prejudicial to all stakeholders.

The parties' relationship also indicates the absence of prejudice.  ImmerVision and LGE are not direct competitors.  ImmerVision states that it is in the business of "wide angle imaging" and licenses its optical and software technology for wide angle panomorphic lenses.  (D.I. 21 ¶ 10).  LGE sells smartphones, where a camera lens is only one component of a multifaceted product with numerous other components, functions, and features.  Where the non-moving party asserts a competitive relationship, courts also look to whether the plaintiff sought a preliminary injunction.  *See Neste Oil*, 2013 WL 3353984, at *4.  ImmerVision has not sought a preliminary injunction or otherwise sought to expedite any claim for relief.  The absence of undue prejudice to ImmerVision weighs in favor of a stay.

Even if ImmerVision were somehow prejudiced, any prejudice caused by a stay is outweighed by the facts that (1) the likelihood that IPR will be instituted, (2) the likelihood that IPR will narrow the issues or resolve the case, and (3) the risk that concurrent adjudication would inject confusion into this case.

**D.    This Court Recently Granted a Motion to Stay Prior to Institution Under Similar Facts.**

The Court may grant a motion to stay despite the fact that *inter partes* review proceedings have not yet been instituted.  Recently, in *Arch Chemicals v. Sherwin-Williams*, Chief Judge Stark granted a motion to stay prior to institution of IPR.  (Ex. F).  There, the Court reasoned that, although every motion must be evaluated individually, "as a general matter the arguments for a stay pending institution and/or completion of an IPR have been strengthened by recent changes in the law." *Id.*  Those recent changes are that (1) institution must be on all or none of the claims on which IPR is sought, and (2) claim construction undertaken by the PTAB is now conducted according to the same legal standards applied by this Court.  *Id.* (highlighting changes pursuant to *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354-55 (2018) and 37 C.F.R. § 42.100(b) (2018)).

In *Arch Chemicals*, Chief Judge Stark found that all three factors weighed in favor of a stay.  (Ex. F).  First, the Court determined that a stay is likely to simplify the issues because the IPR petitions are directed to every claim asserted by Plaintiff and, if review is instituted, the Court will have the benefit of additional intrinsic evidence and the PTAB's view on claim construction.  *Id.*  This factor weighs in favor of a stay for the same reasons in the present motion.  LG Electronics' IPR petitions are directed to both of the claims asserted by ImmerVision in this litigation.  If the claims are not invalidated, then the claim construction conducted by the PTAB and the additional intrinsic evidence will both be helpful in simplifying the issues for trial.

Second, Chief Judge Stark found in *Arch Chemicals* that, although the case was nearly a year old, it was at a "nascent" stage in the litigation because no discovery requests had been served and trial was over 20 months away.  *Id.*  Like *Arch Chemicals,* these consolidated cases

9

are in a "nascent" stage.  Discovery has only just begun, and while the parties have exchanged some written discovery, fact discovery is not scheduled to close until September 11, 2020, and trial is scheduled to occur on September 20, 2021, approximately 21 months from now.

Third, Chief Judge Stark in *Arch Chemicals* found that the likelihood of prejudice or tactical disadvantage to the Plaintiff from a stay was minimal because the parties are not direct competitors and, if the PTAB denies institution on both petitions, the stay would be of short duration because an institution decision was due in approximately three months.  Here, the institution decisions on LG Electronics' IPR petitions are expected in early June 2020 at the latest; this is similar timing to the movant's request for a stay in *Arch Chemicals*, which was made approximately six months (i.e., August 29, 2019) prior to the expected institution decision (i.e., February 2020)*. See* Ex. G, Docket for *Arch Chemicals v. Sherwin-Williams,* C.A. No. 18-2037-LPS (showing at D.I. 33 that movant filed a motion to stay case on August 29, 2019). Since ImmerVision and LGE are not direct competitors, there are also no circumstances present which would elevate this minimal delay to a showing of undue prejudice or tactical disadvantage.

## VI.    CONCLUSION

The circumstances of these consolidated cases strongly weigh in favor of a stay.  The cases may be entirely resolved if the PTAB finds both asserted claims of the '990 patent to be invalid.  Discovery in the consolidated cases has only just begun, and ImmerVision will not be unduly prejudiced by a stay.  For the foregoing reasons, Defendants respectfully request that the Court stay this litigation pending the conclusion of the IPR proceedings on the '990 patent, including all appeals.

Dated: December 19, 2019                                   Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

Collin W. Park (admitted pro hac vice)
Jeremy Peterson (admitted pro hac vice)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004
Telephone:  202.739.3000
Fax: 202.739.3001
collin.park@morganlewis.com
jeremy.peterson@morganlewis.com

Andrew V. Devkar (admitted pro hac vice)
Morgan, Lewis & Bockius LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone:  310.907.1000
Fax:  310.907.2000
andrew.devkar@morganlewis.com

_/s/John V. Gorman_
John V. Gorman (DE Bar No. 6599)
Amy M. Dudash (DE Bar No. 5741)
Morgan, Lewis & Bockius LLP
The Nemours Building
1007 North Orange Street, Suite 501
Wilmington, Delaware 19801
Telephone:  302.574.3000
Fax:  302.574.3001
john.gorman@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants LG Electronics
U.S.A., Inc. and LG Electronics Inc.*

11